IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-00079-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LOWNEY YOHNAGALEGI CROW | ) | |
| _____ | ) | |

This matter came before the Court on January 29, 2024 for a hearing on two (2) *pro se* motions filed by Defendant, as well as for an inquiry into the status of counsel following the filing of a *pro se* letter ("Letter") from Defendant. Docs. 20, 21, 22.

During and at the conclusion of the hearing, the undersigned issued oral rulings, which are memorialized by this Order.

I. Relevant Procedural Background

On October 3, 2023, a Bill of Indictment was filed charging Lowney Yohnagalegi Crow ("Defendant") with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Doc. 1.

Defendant made an initial appearance on October 18, 2023 at which time he requested that counsel be appointed for him. His request was granted and Renae Alt-Summers was assigned to represent Defendant.[1]

---

[1] Ms. Alt-Summers was also previously assigned to represent Defendant in United States v. Crow, 1:15-cr-00072-MR-WCM, in which Defendant has been charged with

1

During arraignment and detention hearings on October 23, 2023, the docket call for Defendant's case was initially set for the November 6, 2023 trial term and then continued to the January 3, 2024 trial term. Defendant waived an immediate detention hearing and was detained pending further proceedings. Doc. 9.

On December 5, 2023, a Superseding Bill of Indictment was filed. Doc. 12.

On December 18, 2023, Defendant filed an Unopposed Motion to Continue Trial/Docket Call and Extend Pretrial Motion Deadlines. Doc. 15. The Court granted that request, continued the January 3, 2024 trial date to the March 4, 2024 trial term, and extended Defendant's pretrial motions deadline to January 22, 2024. Doc. 17.

On January 18, 2024, a *pro se* Motion to Dismiss was filed by Defendant, alleging violations of Rule 5 of the Federal Rules of Criminal Procedure. Doc. 20.

On January 22, 2024, a *pro se* Motion to Dismiss was filed by Defendant, alleging "selective and vindictive prosecution." Doc. 21.

On January 24, 2024, Defendant's Letter was docketed. Doc. 22.

---

violating the terms and conditions of his supervised release. Certain charges in that case, as well as the single count pending against Defendant in this matter, pertain to events that are alleged to have occurred on or about February 23, 2023.

## II. The Proceedings on January 29, 2024

The Government was represented by Assistant United States Attorney Alex Scott. Defendant appeared with Ms. Alt-Summers.

The Court first addressed, and denied, Defendant's *pro se* Motions.

Next, the Court took up the issue of counsel. At that time, Ms. Alt-Summers requested that the Court hear from her and Defendant in a closed proceeding. The Government did not object, her request was granted, and the courtroom was closed and the record was sealed.[2]

The Court then heard further from both Ms. Alt-Summers and Defendant. During that proceeding, Ms. Alt-Summers made an oral motion to withdraw.

Afterwards, the courtroom and the record were unsealed.

The Government took no position regarding the issue of counsel.

## III. Discussion

### A. *Pro Se* Motions

Pursuant to Local Criminal Rule 47.1(g), other than challenges to the effective assistance of counsel, motions filed by a criminal defendant who is still represented by counsel and who has not formally waived the right to

---

[2] Matters discussed during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

3

Case 1:23-cr-00079-MR-WCM   Document 24   Filed 02/01/24   Page 3 of 6

counsel in the presence of a judicial officer after being fully advised of the consequences of waiver are not ordinarily entertained.

In this case, previous *pro se* filings by Defendant have been rejected on this basis. See e.g., Doc. 17. Defendant's current *pro se* motions are similarly procedurally improper.

### B. Counsel Issues

In evaluating the status of counsel in this matter, the Court has considered the following factors: 1) the timeliness of the request for new counsel; 2) the reasons given as to why counsel's representation should not continue; and 3) whether the conflict between Defendant and counsel is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988); see also McCracken v. United States, No. 3:21-cv-35-RJC, 2021 WL 5018698, at *7 (W.D.N.C. Oct. 28, 2021) ("The substitution or withdrawal of counsel is discretionary and requires consideration of factors including whether a conflict between the attorney and client amounts to a breakdown in communication so great that it prevents an adequate defense.") (citations omitted).

Defendant's request for an inquiry into the status of counsel and Ms. Alt-Summers' oral motion to withdraw are timely. As noted, Defendant's trial has been continued to the March 4, 2024 term. Further, it appears that the

professional relationship between counsel and Defendant has recently deteriorated significantly.

Defendant has continued to file *pro se* motions, despite being represented. Issues regarding communication between counsel and Defendant have also arisen; they disagree concerning the extent of their discussions about this case, and some of Defendant's statements to counsel have been unprofessional, disrespectful, and otherwise improper. Further, Defendant indicated that he wished to continue to be represented by an attorney but did not oppose Ms. Alt-Summers' request to withdraw.

Having reviewed Defendant's Letter and having heard from defense counsel and Defendant, the Court concludes that a change of counsel is warranted.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's *pro se* Motions (Docs. 20 and 21) are **DENIED WITHOUT PREJUDICE AS PROCEDURALLY IMPROPER**.

2. Defendant's request for new counsel and defense counsel's oral motion to withdraw are **GRANTED**, Ms. Alt-Summers is **WITHDRAWN** as counsel of record for Defendant, and the Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: February 1, 2024

W. Carleton Metcalf
United States Magistrate Judge