IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:23-cr-00079-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LOWNEY YOHNAGALEGI CROW, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motions to Suppress [Docs. 27, 28] and the Magistrate Judge's Memorandum and Recommendation [Doc. 46] regarding the disposition of those motions.

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Suppress.

On May 24, 2024, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motions to Suppress [Docs. 27, 28] be denied. [Doc. 44 at 21]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service.

The Defendant timely filed Objections on June 7, 2024. [Doc. 46]. In his Objections, the Defendant primarily argues that the Magistrate Judge incorrectly concluded that the initial search of the Defendant was a lawful search incident to arrest, and therefore the subsequent actions of law enforcement were unconstitutional. [Id.].

The Defendant argues that the Magistrate Judge erred in finding that United States v. Davis did not apply to the case at bar, and therefore, the conclusion that the search of the Defendant was a lawful search incident to arrest was error. [Id. at 1-5 (citing United States v. Davis, 997 F.3d 191 (4th Cir. 2021)]. In Davis, the Fourth Circuit held that the contested search was unlawful because the bag at issue was not on the Defendant's person *and* it was not within his immediate control. Here, however, the evidence presented by the Government at the supplemental hearing established that the bag was on the Defendant's person—attached to and inside of his clothing. The key distinction between the facts of this case and those in Davis is not that the seized bag was not accessible to the Defendant at the time of search, as the Defendant argues, but that the bag was located on the Defendant's person. Therefore, the fact that the Defendant was handcuffed and could not access the bag is not relevant to whether the search was lawful. Because the search of the Defendant was a search of his person, it

was a lawful search incident to arrest and thus did not violate the Defendant's Fourth Amendment rights.

The Defendant also objects to the Magistrate Judge's conclusions that the bag would have been inevitably discovered by law enforcement officers even if the initial search were unconstitutional, that the warrant to search the hotel rooms was supported by probable cause, and that the law enforcement officers acted in good faith. All of these Objections, however, rely on the Defendant's contention that the initial search that led to the seizure of the bag was unconstitutional. Because the undersigned has already found, as the Magistrate Judge did, that the initial search was constitutional, it will address the remaining Objections only briefly.

As to inevitable discovery, the Government has clearly met its burden in establishing by a preponderance of the evidence that the bag would have been discovered by lawful means, as the Defendant was ultimately arrested and taken to jail where he would have been searched at least once more. At that point, the bag would have been found, inventoried, and given to the law enforcement officers. See United States v. Allen, 159 F.3d 832, 841 (4th Cir. 1998) ("The [inevitably discovery] doctrine also may apply where the facts indicate another search inevitably would have occurred and would inevitably

have uncovered the evidence, and that search falls within an exception to the warrant requirement.").

As to probable cause to support the warrant to search the hotel rooms, the description of the Defendant's behavior prior to arrest, and certainly the discovery of drugs on his person at the time of arrest, provided a fair probability that criminal activity was afoot, and that evidence of such criminal activity would be found in the hotel rooms that the Defendant had been staying in. See United States v. Person, 694 F. App'x 889, 892 (4th Cir. 2017) (unpublished) (holding that probable cause existed to search hotel room where officers had firsthand information that defendant was a drug dealer and was staying at that particular hotel).

As to the good faith of the law enforcement officers in acting under the authority of the warrant, "'a warrant issued by a magistrate normally suffices to establish' that a law enforcement officer has 'acted in good faith in conducting the search.'" United States v. Leon, 468 U.S. 897, 922 (1984) (quoting United States v. Ross, 456 U.S. 798, 823 n.32 (1982)). Because the "'good faith' exception . . . applie[s] *except* in four limited situations," and the Government presented evidence that the officer's reliance on the warrant issued was objectively reasonable, the good faith exception clearly applies here. United States v. Wellman, 663 F.3d 224, 228 (4th Cir. 2011) (emphasis

added); see also Leon, 468 U.S. at 922. Indeed, the Magistrate Judge found no evidence that the officers knowingly or recklessly included false information in their application for a warrant, nor that the issuing magistrate failed to serve as a neutral and detached decisionmaker. [Doc. 44 at 19-20]. The arguments made in the Defendant's Objections give the Court no reason to disturb such findings.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Defendant's objections thereto, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby overrules the Defendant's objections and accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Defendant's Objections [Doc. 46] are **OVERRULED,** and the Memorandum and Recommendation [Doc. 44] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motions to Suppress [Doc. 27, 28] are **DENIED**.

**IT IS SO ORDERED.**

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge